ORIGINAL

# In the United States Court of Federal Claims

No. 18-1400C

(Filed:  September 19, 2018)

```
***********************************
                                  *
DEAN ALLEN COCHRUN et al.,        *
                                  *
              Plaintiffs,         *
                                  *
v.                                *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
                                  *
***********************************
```

FILED

SEP 1 9 2018

U.S. COURT OF
FEDERAL CLAIMS

DISMISSAL ORDER

WHEELER, Judge.

On September 13, 2018, Dean Allen Cochrun and six co-plaintiffs filed a *pro se* complaint in this Court requesting relief from their allegedly unconstitutional arrests and incarcerations.  Pursuant to its inherent authority, this Court *sua sponte* DISMISSES Mr. Cochrun's complaint for failure to state a claim and for lack of subject matter jurisdiction.

Background

Mr. Cochrun and his six co-plaintiffs have been convicted of various crimes and are incarcerated at Mike Durfee State Prison in Springfield, South Dakota.  Compl. at 1–3. Plaintiffs allege that they have been "unjustly convicted," "falsely arrest[ed]," "maliciously prosecut[ed]," and "falsely imprison[ed]."  Compl. at 5.  They contend that the United States Constitution is an "Implied-in-Fact contract" and that they are beneficiaries of this contract.  Compl. at 6, 11.  Plaintiffs claim that they are entitled to "immediate release" from "un-Constitutional confinement."  Compl. at 6.

Plaintiffs accuse unnamed federal and state agents of violating numerous provisions of federal and state law.  Compl. at 8–11.  Plaintiffs claim that these agents manufactured evidence against them, framed them for their respective crimes, and conspired to fix their

trial outcomes.  Compl. at 16–17, 22, 26–29.  Plaintiffs lay claim to rights under various national and international covenants, charters, and declarations.  Compl. at 16–17, 22. Some parts of the complaint consist solely of legal maxims and quotations from past cases. Compl. at 20–24, 31–38.  Plaintiffs request, among other things, a declaration "that the Contract that is the Constitution . . . be declared null and void," nullification of their respective criminal sentences, and $100,000,000 each in compensation.  Compl. at 39–41.

Discussion

## A.  Failure to State a Claim on Which Relief Can Be Granted

A court may *sua sponte* dismiss a complaint for failure to state a claim if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Rockefeller v. Chu, 471 Fed. Appx. 829, 830 (10th Cir. 2012).  To survive dismissal, the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2009).  "*Pro se* plaintiffs are given some leniency in presenting their case," and courts "liberally construe[]" a complaint filed *pro se*.  Stroughter v. United States, 89 Fed. Cl. 755, 760 (2009) (citation omitted).

Nevertheless, the Court cannot discern facts on the face of Plaintiffs' complaint that would support a plausible claim for relief.  The complaint recites conclusory allegations that amount to federal constitutional and state tort claims.  It does not allege any facts to support the legal conclusions it makes.  Therefore, the complaint fails to state a claim.

## B.  Lack of Subject-Matter Jurisdiction

Subject-matter jurisdiction may be challenged at any time by the court *sua sponte*. Toohey v. United States, 105 Fed. Cl. 97, 98 (2012).  In deciding whether it has subject-matter jurisdiction, the Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff."  Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014).  Although *pro se* pleadings are held to a lower standard, a *pro se* plaintiff must still prove subject-matter jurisdiction by a preponderance of the evidence.  See Lengen v. United States, 100 Fed. Cl. 317, 328 (2011).

Even if Plaintiffs stated plausible claims for relief, this Court would lack subject-matter jurisdiction over them.  First, this Court cannot hear claims against federal and state agents because it can only hear claims against the United States.  See Pikulin v. United States, 97 Fed. Cl. 71, 75 (2011).  Second, this Court does not have jurisdiction over claims based on state law or international declarations of rights because these claims do not "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. 1331.

Third, except for bid protest cases, this Court only has jurisdiction over claims against the United States that allege a specific entitlement to monetary relief based upon "money-mandating" provisions of federal law. See Stephenson v. United States, 58 Fed. Cl. 186, 192 (2003). Plaintiffs' reference to the Constitution as a contract between themselves and the United States is apparently their best attempt to meet this jurisdictional bar. But based on the facts alleged, the Constitution does not provide Plaintiffs with a substantive right enforceable against the United States for money damages. Therefore, this Court does not have subject-matter jurisdiction over Plaintiffs' claims.

## Conclusion

For the reasons above, the Court *sua sponte* DISMISSES Plaintiffs' complaint for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction. The Clerk is directed to dismiss Plaintiffs' complaint without prejudice.

IT IS SO ORDERED.

Thomas C. Wheeler

THOMAS C. WHEELER
Judge

| | |
|---|---|
| 7018 0040 0001 1393 3017 | - Dean Cochrun |
| 7018 0040 0001 1393 3000 | Aaron Troska |
| 7016 3010 0000 4308 4980 | - Les Kills Small |
| 7016 3010 0000 4308 4973 | - Franklin S. Nelson |
| 7016 3010 0000 4308 4966 | - Derrick C. Vize |
| 7016 3010 0000 4308 4959 | - Michael Readd |